

310-510-6211
700 S. Flower Street, Suite 1000, Los Angeles, CA 90017
barneslawllp.com

January 9, 2024

*Via CM/ECF*

Lyle W. Cayce, Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Herbert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

      Re:    <u>*Children's Health Defense, et al. v. Food & Drug Administration, et al.*, No. 23-50167 (argument scheduled January 10, 2024). Appellants' response to Appellee's letter re: supplemental authorities [FRAP, Rule 28(j)]</u>.

Dear Mr. Cayce:

      The split decision in *Louisiana Fair Housing Center, Inc. v. Azalea Garden Properties, L.L.C.,* No. 22-30609 (5th Cir. Sept. 14, 2023) does not support lack of organizational standing for Appellant Children's Health Defense ("CHD"). In *Azalea*, the logic of each separate judge's opinion supports organizational standing here. CHD's injury was not "self-inflicted;" it was FDA inflicted.

      *Azalea* supports organizational standing for CHD: CHD suffered injury even if CHD did nothing at all. *Azalea, supra,* at pg. 17. CHD's mission is children's health, and accurate information about childhood medications impacting their health. FDA turned from ally to adversary in that capacity. FDA perceptibly impaired CHD's mission by authorizing marketing a drug to children as safe, effective, and desirable when it was neither safe, effective, nor desirable for many children. *ROA* 2268-2287. When CHD bore the expense of the petitioning process to try to remedy this harm, FDA violated their petitioning rights and disregarded the core concerns stated therein. *Id*. When CHD tried to publicly correct the FDA's misinformation to CHD's members, FDA colluded with social media to censor CHD and limit their reach, interfering with CHD's ability to reach their own members, the broader public, and even hinder CHD's ability to fundraise to cover their costs of rebutting the FDA's legally adulterated authorization. *Id*. CHD experienced this injury even if it did nothing at all; their mission of protecting children's health and accurate information about childhood medications was perceptibly impaired by the FDA's conduct. FDA inflicted this injury, not CHD.

      Of note, the court in *Azalea* went out of its way to identify the path to standing to address the injurious conduct identified therein, a path the FDA has never identified here. If CHD doesn't have standing to address these critical issues, then who does?

      Regards,

      /s/ Robert E. Barnes
      Robert E. Barnes, Esq.
      BARNES LAW
      700 S. Flower Street, Suite 1000
      Los Angeles, CA 90017
      Telephone: (310) 510-6211
      Email: robertbarnes@barneslawllp.com

      *Attorneys for Appellants*